WILKE FLEURY LLP
STEVE WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
JASON G. ELDRED (SBN 327148)
jeldred@wilkefleury.com
621 Capitol Mall, Suite 900
Sacramento, California 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664

WUERSCH & GERING LLP
Kevin Murphy *(pro hac vice)*
Kevin.Murphy@wg-law.com
100 Wall St., 10th Floor
New York, NY 10005
Telephone: 212-509-5050
Facsimile: 212-509-9559

Attorneys for Defendants INCREDIWEAR HOLDINGS, INC. and JACKSON CORLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| EDEN BLAIR, STEVEN ROCKMAN, and JASON SANTANA,<br><br>Plaintiffs,<br><br>v.<br><br>INCREDIWEAR HOLDINGS, INC.; and JACKSON CORLEY,<br><br>Defendants. | Case No. 2:24-cv-03759-TLN-CSK<br><br>**STIPULATION TO EXTEND FACT DISCOVERY COMPLETION DEADLINE BASED UPON GOOD CAUSE SHOWN AND ORDER** |

WHEREAS, Plaintiffs Eden Blair, Steven Rockman, and Jason Santana ("Plaintiffs") filed the Complaint (ECF No. 1.) in this Action on December 30, 2024.

WHEREAS, the Court's December 30, 2024 Initial Pretrial Scheduling Order ordered that all fact discovery shall be completed no later than three hundred sixty-five (365) days from the date upon which the last answer may be filed with the Court pursuant to the Federal Rules of Civil Procedure. (ECF No. 3 at p.2)

WHEREAS, the Court's December 30, 2024 Initial Pretrial Scheduling Order further provided that the Initial Pretrial Scheduling Order shall not be modified except by leave of court

upon a showing of good cause, and that agreement by the parties pursuant to stipulation alone to modify the Scheduling Order does not constitute good cause. (ECF No. 3 at p. 6)

WHEREAS, the Court's December 30, 2024 Initial Pretrial Scheduling Order further provided that "[i]f the parties wish to modify the deadlines [in the Court's Initial Pretrial Scheduling Order], the parties may file a Stipulation and Proposed Order for the Court's consideration." (ECF No. 3 at p. 7)

WHEREAS, pursuant to good cause shown during an Informal Discovery Conference on January 6, 2026, the Court modified the Initial Scheduling Order to extend the fact discovery completion deadline by one hundred twenty (120) days, thereby adjusting the fact discovery completion deadline from February 6, 2026 to June 5, 2026, (ECF No. 17) and thereafter from June 5, 2026 to August 4, 2026 (ECF No. 21);

WHEREAS, the Parties have been diligently engaged in ongoing discovery (responding to interrogatories, requests for admission, document requests, and have participated in seven depositions to date).

WHEREAS**,** as of the filing of this Stipulation, Defendants have: (i) completed the depositions of Plaintiffs and secured the relevant treatment history of Plaintiff Rockman; and

WHEREAS, as of the filing of this Stipulation, Plaintiffs have partially completed the Rule 30(b)(6) deposition of Defendant Incrediwear Holdings, Inc. ("Incrediwear") and Jackson Corley but the Parties agreed to continue the remainder of Incrediwear's corporate deposition; and

WHEREAS, Plaintiffs have partially completed the deposition of fact witness Mark Earle Howard who only recently produced Incrediwear-related electronic discovery to which the parties otherwise had no access, which production necessitates continuing his deposition; and

WHEREAS, Plaintiffs need to complete the deposition of certain Incrediwear officers and employees and other third-party witnesses; and

WHEREAS, the Parties have been meeting and conferring in good faith to resolve their respective disputes, including over the scheduling and ordering of further witness depositions;

WHEREAS**,** the Parties require additional time to complete important fact discovery in support of their claims or defenses; and

WHEREAS, the Parties have been and will continue to work together to schedule depositions of the aforementioned witnesses; and

WHEREAS, to avoid the need to incur unnecessary costs, fees, and to conserve this Court's judicial resources, the Parties have met, conferred, and agreed that good cause exists to continue the present fact discovery completion deadline by an additional approximate sixty days to October 2, 2026.

WHEREAS, the Parties agree that these deadlines and short continuances will not prejudice either Plaintiffs or Defendants.

WHEREAS, this stipulation is made in good faith and is not made to delay these proceedings or for any other improper purpose.

NOW THEREFORE, THE PARTIES STIPULATE THROUGH THEIR RESPECTIVE COUNSEL to the following:

1. That counsels of record have the authority to enter into this Stipulation on behalf of their respective clients.

2. That the Initial Scheduling Order shall be modified such so that the fact discovery completion deadline, including the time to bring any necessary discovery motions to resolve any disputes, with the exception of expert discovery, shall be completed by October 2, 2026.

**IT IS SO STIPULATED.**

Dated: July 22, 2026

By: */s/ Mark Humenik*
Mark Humenik

*Attorneys for Plaintiffs Eden Blair, Steven Rockman, and Jason Santana*

By: */s/Jason Eldred,*
Jason Eldred
WILKE FLEURY LLP

By: */s/Kevin Murphy*
Kevin Murphy
WUERSCH & GERING LLP

*Attorneys for Defendants INCREDIWEAR HOLDINGS, INC. and JACKSON CORLEY*

## ORDER

The Court, having considered the foregoing Stipulation, and good cause appearing thereon, HEREBY ORDERS that:

1. That the Initial Scheduling Order shall be modified such that the fact discovery completion deadline shall be October 2, 2026 and such that all discovery motions, with the exception of expert discovery, shall be completed by the October 2, 2026 fact discovery completion deadline.

2. All other dates in the Initial Scheduling Order that are scheduled off of the fact discovery deadline shall use the date October 2, 2026.

IT IS SO ORDERED.

DATED: July 22, 2026



TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE